# UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _21 Meadow Drive, Camp Hill, PA 17011_

Address of Defendant: _751 Broad Street, Newark, NJ 07102-3777_

Place of Accident, Incident or Transaction: _150 Corporate Center Drive, Suite 105, Camp Hill, PA 17011_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

| | | |
|---|---|---|
| Does this case involve multidistrict litigation possibilities? | ☐ Yes | ☒ No |

RELATED CASE, IF ANY:
Case Number _____ Judge _____ Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. If this case related to property included in an earlier numbered suit ending or within one year previously terminated action in this court? ☐ Yes ☒ No

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? ☐ Yes ☒ No

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? ☐ Yes ☒ No

CIVIL (Place √ in ONE CATEGORY ONLY)

| A. | Federal Question Cases: | | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|---|
| 1. ☐ | Indemnity Contract, Marine Contract and All Other Contracts | | 1. ☒ | Insurance Contract and Other Contracts |
| 2. ☐ | FELA | | 2. ☐ | Airplane Personal Injury |
| 3. ☐ | Jones Act-Personal Injury | | 3. ☐ | Assault, Defamation |
| 4. ☐ | Antitrust | | 4. ☐ | Marine Personal Injury |
| 5. ☐ | Patent | | 5. ☐ | Motor Vehicle Personal Injury |
| 6. ☐ | Labor-Management Relations | | 6. ☒ | Other Personal Injury (Please specify) |
| 7. ☐ | Civil Rights | | 7. ☐ | Products Liability |
| 8. ☐ | Habeas Corpus | | 8. ☐ | Products Liability – Asbestos |
| 9. ☐ | Securities Act(s) Cases | | 9. ☐ | All other Diversity Cases |
| 10. ☐ | Social Security Review Cases | | | (Please specify) |
| 11. ☐ | All other Federal Question Cases | | | **Plaintiff alleges negligence and breach of fiduciary duty involving the sale of an annuity contract.** |
| | (Please specify) | | | |

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, _Jonathan Dryer, Esquire_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _October 4, 2005_          Jonathan Dryer, Esquire          34496
                                 **Attorney-at-Law**              **Attorney ID #**
   NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _October 4, 2005_          _____          34496
                                 **Attorney-at-Law**           **Attorney ID #**
CIV. 609 (4/03)

JS44 (Rev. 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CRAIG A. HATCH, EXECUTOR OF THE ESTATES OF JANE T. BENDER AND RICHARD B. BENDER | PRUDENTIAL FINANCIAL, INC. d/b/a THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |
| (b) County of Residence of First Listed Plaintiff ___York___ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Resident of First Listed  Newark (IN U.S. PLAINTIFF CASES ONLY) NOTE:  INLAND CONDEMNATION CASES. USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address and Telephone Number) Byron L. McMasters, Esquire Albert N. Peterlin, Esquire Gates, Halbruner & Hatch, P.C. 1013 Mumma Road, Suite 100 Lemoyne, PA 17043-1144 (717) 731-9600 | Attorneys (If Known) Jonathan Dryer, Esquire Wilson, Elser, Moskowitz, Edelman & Dicker LLP The Curtis Center, Suite 1130 East, Independence Square West Philadelphia, Pennsylvania 19106 (215) 627-6900 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

| | DEF | | | | DEF | |
|---|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporates *or* Principal Place Of Business in this State | ☐ 4 | ☐ 4 | |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporates *and* Principal Place Of Business in Another State | ☐ 5 | ☒ 5 | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 | |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | ☐ 340 Marine | ☐ 640 Airline Regs. | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 810 Selective Service |
| | ☐ 355 Motor Vehicle Product Liab. | | | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | | | |
| | ☐ 362 Personal Injury-Med. Malpractice | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Prod. Liab. | | | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | **PERSONAL PROPERTY** | | | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 370 Other Fraud | | | |
| | ☐ 371 Truth in Lending | | | ☐ 893 Environmental Matters |
| | ☒ 380 Other Personal Property Damage | | | ☐ 894 Energy Allocation Act |
| | ☐ 385 Property Damage Product Liability | | | |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | PROPERTY RIGHTS | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | ☐ 820 Copyrights | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 720 Labor/Mgmt. Relations | ☐ 830 Patent | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | | ☐ 840 Trademark | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | **SOCIAL SECURITY** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | |
| | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | |
| | | | | ☐ 865 RSI (405(g)) | |
| | | | | **FEDERAL TAX SUITS** | |
| | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS-Third Party 26 USC 7609 | |

161853.1

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

|  |  |  |  | Transferred from |  | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.  Do not cite jurisdictional statutes unless diversity)  Diversity, 28 U.S.C. § 1332 (a)(1), Cause of Action between citizens of different states, damages alleged to be in excess of jurisdictional limit

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   ☐ DEMAND $ >$100,000   CHECK YES only if demanded in complaint:  **JURY DEMAND:** ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE: _____   DOCKET NUMBER _____

DATE *10-6-05*          SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

- 2 -

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.        (a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

         (b)        County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

         (c)        Attorneys. Enter the firm name, address, telephone number and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.        **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suite by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a part, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.        **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.        **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.        **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.        **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.        **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.        **Related Cases.** This section of JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

161853.1

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CRAIG A. HATCH, EXECUTOR OF | : | CIVIL ACTION |
| the ESTATE OF JANE T. BENDER and | : | |
| the ESTATE OF RICHARD B. BENDER | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| PRUDENTIAL FINANCIAL, INC., a foreign | : | |
| business corporation, d/b/a THE | : | |
| PRUDENTIAL INSURANCE COMPANY | : | |
| OF AMERICA | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff's regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONF OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255   (   )

(b)   Social Security – Cases requesting review of a decision of the Secretary of
Health and Human Services denying plaintiff Social Security Benefits   (   )

(c)   Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2   (   )

(d)   Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos   (   )

(e)   Special Management – Cases that do not fall into tracks (a) through (d) that
are commonly referred to as complex and that need special or intense management
by the court. (See reverse side of this form for a detailed explanation of special
management cases.)   (   )

(f)   Standard Management – Cases that do not fall into any one of the other tracks   ( X )

| | | |
|---|---|---|
| October 4, 2005 | Jonathan Dryer, Esquire | Defendant Prudential Financial, Inc |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.627.6900 | 215.627.2665 | dryerj@wemed.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

161852.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG A. HATCH, EXECUTOR OF     :     CIVIL ACTION
the ESTATE OF JANE T. BENDER and     :
the ESTATE OF RICHARD B. BENDER     :
    :
      v.     :     JURY TRIAL DEMANDED
    :
PRUDENTIAL FINANCIAL, INC., a foreign     :
business corporation, d/b/a THE     :
PRUDENTIAL INSURANCE COMPANY     :
OF AMERICA     :

### NOTICE OF REMOVAL

AND NOW, comes the defendant, Prudential Financial, Inc. ("Prudential"), and for the purpose of removing this case to the United States District Court for the Middle District of Pennsylvania, respectfully avers as follows:

1. This is an action instituted in the Court of Common Pleas of Cumberland County by plaintiff, Craig A. Hatch, as Executor of the Estates of Jane T. Bender and Richard B. Bender, on or about August 30, 2005. Prudential was served with the complaint on or about September 9, 2005.

2. This notice of removal, filed within 30 days of service of the complaint, is therefore timely pursuant to 28 U.S.C. §1446(b).

3. A true and correct copy of the complaint, which is the only pleading served on Prudential to date, is attached hereto as Exhibit "A."

4. According to the complaint, plaintiff is a citizen of Pennsylvania. The complaint seeks damages of "Seventy-Three Thousand Five Hundred Forty Five and 62/100 Dollars ($73,545.62), plus punitive damages, attorneys fees . . . ." <u>See</u> Exhibit "A".

5. Prudential is a New Jersey corporation with its principal place of business at 751 Broad Street, Newark, NJ 07102-3777.

6. This is a suit of a civil nature, involves a controversy between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. This court therefore has jurisdiction of this case pursuant to 28 U.S.C. §1332 (a)(1) and 28 U.S.C. §1441.

8. Prudential has simultaneously with the filing of this notice given written notice to plaintiff's counsel.

9. Prudential is also filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Cumberland County.

WHEREFORE, defendant Prudential Financial, Inc. prays that this suit be removed to this Honorable Court where it shall proceed as if originally commenced herein.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Jonathan Dryer, Esquire
Attorney for Defendant

161856.1

## CERTIFICATE OF SERVICE

Jonathan Dryer, Esquire, counsel for defendant Prudential Financial, Inc., certifies that he served a copy of the foregoing Notice of Removal on counsel of record by depositing a copy of same in a first class United States Post Office Box, with postage prepaid fully, addressed as follows:

        Gates, Halbruner & Hatch, P.C.
        Byron L. McMasters, Esquire
        Albert N. Peterlin, Esquire
        1013 Mumma Road, Suite 100
        Lemoyne, PA 17043-1144

                                  Jonathan Dryer

### IN THE COURT OF COMMON PLEAS
### CUMBERLAND COUNTY, PENNSYLVANIA

CRAIG A. HATCH, EXECUTOR OF   :
the ESTATE OF JANE T. BENDER and :
the ESTATE OF RICHARD B. BENDER, :    Civil Action—Law

       Plaintiff,             :    No. 05 - 4479   *Civil Term*

     v.                   :

PRUDENTIAL FINANCIAL, INC., a    :
foreign business corporation, d/b/a   :
THE PRUDENTIAL INSURANCE     :
COMPANY OF AMERICA        :

       Defendant.       :    JURY TRIAL DEMANDED

### NOTICE

**You have been sued in court.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Cumberland County Bar Association
2 Liberty Avenue
Carlisle, Pennsylvania 17013
Telephone No. 717-249-3166

TRUE COPY
In Testimony whereof, I here unto set my hand and the seal of said Court at Carlisle, Pa.
This 30th day of Aug 2005
_____ Diane E. Marcel D___
Prothonotary

OCT. 13. 2005   12:20PM   AMERICAN SKANDIA LAW DEPARTMENT           NO. 5005   P. 5
SEP 09 '05 16:06 FR PRUDENTIAL INS CO      7177639974 TO 19730024310      P.03/28

Gates, Halbruner & Hatch, P.C.
By: Byron L. McMasters, Esquire
PA Attorney ID No. 92410
Albert N. Peterlin, Esquire
PA Attorney ID No. 84180
1013 Mumma Road, Suite 100
Lemoyne, PA 17043-1144
(717) 731-9600
(717) 731-9627 facsimile
b.mcmasters@gateslawfirm.com
a.peterlin@gateslawfirm.com
www.gateslawfirm.com

## IN THE COURT OF COMMON PLEAS
## CUMBERLAND COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG A. HATCH, EXECUTOR OF<br>the ESTATE OF JANE T. BENDER and<br>the ESTATE OF RICHARD B. BENDER, | : | |
| | : | Civil Action—Law |
| Plaintiff, | : | No. _____ |
| | : | |
| v. | : | |
| | : | |
| PRUDENTIAL FINANCIAL, INC., a<br>New Jersey business corporation, d/b/a<br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Craig A. Hatch, Executor of the Estate of Richard B. Bender and the

Estate of Jane T. Bender, by and through his attorneys, Gates, Halbruner & Hatch,

P.C., hereby complains against the Defendant, Prudential Financial, Inc. d/b/a The

Prudential Insurance Company of America, and in support thereof avers as follows:

2

## I. PARTIES

1.    Plaintiff, Craig A. Hatch (the "Executor"), is an adult individual residing at 21 Meadow Drive, Camp Hill, York County, Pennsylvania, 17011, and is the Executor of the Estate of Richard B. Bender and the Estate of Jane T. Bender.

2.    Defendant, Prudential Financial, Inc. is a New Jersey corporation with its principal place of business at 751 Broad Street, Newark, NJ 07102-3777.

3.    Prudential Financial, Inc. sells its annuities through The Prudential Insurance Company of America, a division of Prudential Financial, Inc., with its principal place of business at 751 Broad Street, Newark, NJ 07102-3777.

4.    The Prudential Insurance Company of America utilizes local branch/field offices to sell its annuities to its clients, one of which is located at 150 Corporate Center Dr., Suite 105, Camp Hill, Cumberland County, Pennsylvania, 17011-1759.

## II. JURISDICTION AND VENUE

5.    Jurisdiction is proper pursuant to 42 Pa.C.S.A. § 931(a) where the instant action involves substantial state questions.

6.    Venue is proper pursuant to 42 Pa.C.S.A. § 931(c) and Pa.R.C.P. 2179(a)(1) where Defendant's registered office is located in Cumberland County.

## III. INTRODUCTION

7.    This case sounds in breach of fiduciary duty and negligence on the part of Defendant.

8.    Factually, this case centers on Defendant's failure to provide Plaintiff's Decedents, Richard B. and Jane T. Bender (jointly, "Benders"), with proper advice

regarding a suitable investment of their $100,000.00, i.e. one which had a likelihood of producing income in accordance with the Benders' stated investment objective.

9.    Instead, Defendant advised the Benders to purchase an annuity that would pay a fixed sum of money for the remainder of their lives, which turned out to be less than three years from when payments began.

10.    Notably, at the time Defendant provided financial advice to the Benders, Richard Bender was seventy-five (75) years of age with prostate cancer, and Jane Bender was seventy-eight (78) years of age and suffering from cirrhosis, cancer and emphysema.

11.    The annuity that Defendant advised the Benders to purchase for $100,000.00 yielded $778.07 per month for the rest of the Benders' lives.

12.    In order for the Benders to have simply recouped the $100,000.00 they invested, at least one of them would have had to survive for ten (10) years and nine (9) months after the payments began.

13.    Said failure of Defendant to provide prudent investment advice was wrongful in that the Benders, due to their advanced age and failing health, relied on Defendant's expertise and superior knowledge in choosing a suitable investment of their $100,000.00 that would produce income.

14.    Defendant's conduct was willful, outrageous, and showed a reckless indifference to the rights of the Benders.

4

## IV. BACKGROUND

15.   In or about February of 2002, upon information and belief, Andrew Grace, a representative of Defendant, provided financial advice to Richard Bender and Jane Bender regarding the investment of their $100,000.00.

16.   To aid Defendant in determining suitable investments for the Benders, on or about February 15, 2002, Richard Bender completed and signed a "Customer Information Form" provided by Defendant, wherein he noted that his "Investment Objective" was "Income," and his "Risk Tolerance" was "Conservative." See attached Exhibit "A."

17.   Thereafter, on or about February 15, 2002, Richard Bender, as "owner," and Jane Bender, as "joint owner," completed a "Prudential Income Annuity Application." See attached Exhibit "B."

18.   As a result of the submission of the Prudential Income Annuity Application, the Benders received an annuity contract, on or about February 19, 2002, the material terms of which are that for a purchase price of $100,000.00, the Benders would receive $778.07 per month from Defendant, starting March 15, 2002, and continuing until the death of the second spouse to die. See attached Exhibit "C."

19.   At the time the Benders purchased the annuity, Richard Bender, born October 18, 1926, was age seventy-five (75), and Jane Bender, born November 23, 1923, was age seventy-eight (78).

5

20. The Benders began to receive monthly annuity payments on March 15, 2002, in the amount of $778.07, and these payments continued until Jane Bender's death on January 4, 2005.

21. Richard Bender had predeceased Jane Bender on July 7, 2004.

22. The Benders received a total of thirty-four (34) payments under the annuity contract, totaling $26,454.38.

## V. CAUSES OF ACTION

### Count I
### Breach of Fiduciary Duty

23. Paragraphs 1-22 are incorporated herein by reference as if set forth in full.

24. Defendant collected personal and confidential information about the Benders, including annual income, net worth, liquid net worth, risk tolerance, and investment objective.

25. Upon information and belief, Defendant was also aware that the Benders were elderly and ailing—Richard Bender with prostate cancer and Jane Bender with cirrhosis, cancer and emphysema.

26. By virtue of Defendant's representative's position as a financial advisor and the Benders' positions as elderly, ailing individuals seeking investment advice, the Benders invested a level of trust and confidence in Defendant's representative such that they sought no other investment advice.

27. Due to Defendant's superior position with respect to the Benders, Defendant had a duty to act with scrupulous fairness and good faith in its dealings

with the Benders and not to utilize the position to the Benders' detriment and Defendant's advantage.

28.  Defendant breached this fiduciary duty by advising the Benders to purchase an annuity that had an extremely low probability of fulfilling their investment objective; to wit, despite Defendant's knowledge that the Benders were elderly and in poor health and the Benders' investment objective was "income," at least one of the Benders would have had to survive for ten (10) years and nine (9) months (Richard Bender would have been eighty-six (86) years of age; Jane Bender, eighty-eight (88)) after the monthly payments began on March 15, 2002, *just to receive a return of the principal sum of $100,000.00.*

29.  Furthermore, if the monthly payments had continued for the following periods, the growth rate would still have been less than reasonable for an investment objective of "income" even with a "conservative" risk preference:

    a.  Eleven (11) years; Growth rate: 0.49%

    b.  Twelve (12) years; Growth rate: 1.95%

    c.  Thirteen (13) years; Growth rate: 3.11%

    d.  Fourteen (14) years; Growth rate: 4.05%

    e.  Fifteen (15) years; Growth rate: 4.82 %

    f.  Sixteen (16) years; Growth rate: 5.45%

    g.  Seventeen (17) years; Growth rate: 5.98%.

30.  Thus, Mr. Bender would have had to survive until age ninety-two (92) and/or Mrs. Bender would have had to survive until age ninety-five (95) in order to

SEP 09 '05 16:08 FR PRUDENTIAL INS CO    7177638974 TO 19738024310    P.09/23

have received a return on investment consistent with their investment objective of "income."

31. Defendant's conduct was willful, outrageous, and showed a reckless indifference to the rights of the Benders.

Wherefore, Plaintiff, Craig A. Hatch, Executor of the Estate of Richard B. Bender and the Estate of Jane T. Bender, demands judgment against Defendant, Prudential Financial, Inc. d/b/a The Prudential Insurance Company of America, for damages of Seventy-Three Thousand Five Hundred Forty-Five and 62/100 Dollars ($73,545.62) plus punitive damages, attorneys fees, costs, interest, and such further relief as the Court deems just and proper.

## Count II
## Negligence

32. Paragraphs 1-31 are incorporated herein by reference as if set forth in full.

33. As the Benders' financial advisor, Defendant owed a duty to the Benders to provide financial advice to them in accordance with their stated investment objective of "income" and their risk preference of "conservative."

34. Defendant breached this duty by selling the Benders an annuity that would not meet their investment objective; to wit, Defendant advised the Benders to purchase an annuity that would not even result in a return of principal for a period of ten (10) years and nine (9) months after payments began, this despite Defendant's knowledge of the Benders' advanced age and failing health.

SEP. 19. 2005 Case 1:05-cv-02050-YK AND LA LAW DEPARTMENT NO. 5603 P. 10
Case 1:05-cv-02050-YK Document 1 Filed 10/07/05 Page 17 of 36

SEP 09 '05 16:08 FR PRUDENTIAL INS CO    7177638974 TO 19738024310    P.18/28

35. The Benders suffered damages as a result of Defendant's negligence, i.e. loss of money not recouped by the monthly payments and loss of opportunity to make an investment consistent with their stated objective.

36. Defendant caused the damages suffered by the Benders by providing poor investment advice.

37. Defendant's conduct was willful, outrageous, and showed a reckless indifference to the rights of the Benders.

Wherefore, Plaintiff, Craig A. Hatch, Executor of the Estate of Richard B. Bender and the Estate of Jane T. Bender, demands judgment against Defendant, Prudential Financial, Inc. d/b/a The Prudential Insurance Company of America, for damages of Seventy-Three Thousand Five Hundred Forty-Five and 62/100 Dollars ($73,545.62) plus punitive damages, attorneys fees, costs, interest, and such further relief as the Court deems just and proper.

Respectfully submitted,

GATES, HALBRUNER & HATCH, P.C.

By: _____

Byron L. McMasters, Esquire
PA Attorney ID No. 92410
Albert N. Peterlin, Esquire
PA Attorney ID No. 84180
1013 Mumma Road, Suite 100
Lemoyne, PA 17043
(717) 731-9600

(Attorneys for Plaintiff)

Date: 8-26-05

9

## VERIFICATION

I, Craig A. Hatch, state that I have reviewed the foregoing *Complaint* and verify that the facts contained therein are true and correct to the best of my knowledge, information and belief.

I further verify that these statements made by me are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: ___8 /26/2005___

Craig A. Hatch
Executor for the Estate of
Richard B. Bender
Executor for the Estate of
Jane T. Bender

# Exhibit A

SEP 09 '05 16:08 FR PRUDENTIAL INS CO   7177639974 TO 19735024310   P.13/28

**▪ Prudential ◆ financial**

## Customer Information Form

Prudential Insurance Company of America
Pruco Life Insurance Company
Pruco Life Insurance Company of New Jersey
All are Prudential companies.

**Explanation**

This form must be returned with your application. Industry regulation requires us to obtain certain information in order to determine the suitability of this annuity. Please complete all sections of this form.

**1 Customer Information**

Owner's First Name _Richard_

SSN/TIN (Taxpayer Identification #) _172247298_

Employer

Owner's First Name _Richard_   M.I. _R._   Last Name _Bender_

SSN/TIN (Taxpayer Identification #) _172247298_   Occupation (if retired, please state) _Retired_

| Marital Status | | |
|---|---|---|
| ☐ Single | ☒ Married | ☐ Widowed/Divorced |

| Education Level Achieved | | |
|---|---|---|
| ☐ Post Graduate Work | ☐ College Graduate | ☐ Attended College | ☒ High School Graduate | ☐ Attended Primary/High School | ☐ Technical or Vocational School |

Why are you purchasing this annuity? _Income_

☐ Retirement Savings   ☒ Other _Income_

Age   No. of Dependents _20_  _2.0_

Type of Annuity: ☐ Qualified  ☒ Non-Qualified

**2 Household Financial Information**

| Ranges: | Annual Income¹ | Household Income² | Net Worth³ | Liquid Net Worth⁴ |
|---|---|---|---|---|
| Up to $24,999 | ☐ | ☐ | ☐ | ☐ |
| $25,000 – $49,999 | ☐ | ☐ | ☐ | ☐ |
| $50,000 – $74,999 | ☐ | ☐ | ☐ | ☐ |
| $75,000 – $99,999 | ☐ | ☐ | ☐ | ☐ |
| $100,000 – $149,999 | ☐ | ☐ | ☐ | ☐ |
| $150,000 – $249,999 | ☐ | ☐ | ☐ | ☐ |
| $250,000 – $499,999 | ☒ | ☐ | ☐ | ☐ |
| $500,000 – $749,999 | ☐ | ☒ | ☐ | ☐ |
| $750,000 – $999,999 | ☐ | ☐ | ☐ | ☐ |
| $1,000,000 – $2,499,999 | ☐ | ☐ | ☐ | ☐ |
| $2,500,000 – $4,999,999 | ☐ | ☐ | ☒ | ☒ |
| $5,000,000 – $9,999,999 | ☐ | ☐ | ☐ | ☐ |
| $10,000,000 – $24,999,999 | ☐ | ☐ | ☐ | ☐ |
| $25,000,000 or more | ☐ | ☐ | ☐ | ☐ |

¹ Annual Income: Owner's income from all sources, before taxes.

² Household Income: All members of the household contributing income from all sources, before taxes.

³ Net Worth: The amount by which assets exceed liabilities. For an individual it would be the net value of possessions, such as a house, stocks, total value of all accounts, annual debt, mortgage, items and civil balance.

⁴ Liquid Net Worth: That part of a person's net worth held in cash or easily convertible to cash such as money market fund shares, bank deposits, liquid funds or other marketable securities.

**a.** After purchasing this annuity, will you have sufficient liquid assets to meet a financial emergency?   ☒ Yes   ☐ No

**b.** Are you contributing to your available qualified plans (e.g., 401(k), 403(b), IRA, etc.)? If no or if plan is not available, explain in Section 7 (Client's Signature and Remarks).   ☐ Yes   ☐ No   ☒ Plan not available

Securities are offered through Pruco Securities Corporation, a Prudential company.

**Risk Tolerance**

Years of Investm   Experience (please indicate the number of years of experience in any of the following that apply):

None: ☒   Equities: _____   Bonds: _____   Options: _____

Futures: _____   Mutual Funds: _____   Variable Annuity/Life: _____

Risk Tolerance (check one):

☒ **Conservative:** Prefer little risk and low volatility in return for accepting potential lower returns. Minimizing exposure of principal to loss or fluctuation is very important.

☐ **Moderately Conservative:** Willing to take some risk to seek enhanced returns. Reduced exposure of principal to loss or fluctuation is important.

☐ **Moderate:** Willing to assume an average amount of market risk and volatility or loss of principal to achieve higher returns.

☐ **Moderately Aggressive:** Willing to assume an above average amount of risk and volatility or loss of principal to take advantage of potentially higher return opportunities.

☐ **Aggressive:** Willing to sustain substantial volatility or loss of principal and assume a high level of risk in pursuing higher returns.

**Investment Objective**
(Select up to two (2) objectives. Indicate first choice as 1 and second choice, if any, as 2)

☐ **Preservation of Capital:** Seeks to preserve the value of your investment through all market conditions with a preference for holding cash and/or cash equivalents (e.g., money market funds, CDs, treasury securities with maturities of one year or less).

☒ **Income:** Seeks to earn income through holdings of bonds and/or income yielding securities.

☐ **Growth:** Seeks to achieve growth of capital through investment in securities.

☐ **Diversified:** Investment options selected conform with recommendations of company approved Asset Allocation Model or 100% is allocated to the Conservative Balanced or Flexible Managed portfolio (May not be available for all products).

**Premium Payments**

I will pay for my initial investment in this annuity through my:

☐ Life Insurance (if selected, please specify death proceeds, dividends, cash value, etc.): _____

☒ CDs/Liquid Assets/Savings   ☐ Mutual Funds   ☐ Annuity

☐ Rollover (from): _____   ☐ Other: _____

Tentatively, I plan on making additional investments in this annuity.
During the first year, my total additional first year payments planned are: $ _____

I will pay for these additional payments through my:

☐ Life Insurance (if selected, please specify whether through death benefit proceeds, dividends, cash value, etc.): _____

☐ CDs/Liquid Assets/Savings   ☐ Mutual Funds   ☐ Annuity

☐ Rollover (from): _____   ☐ Other: _____

**Agent's Signature and Remarks**

Remarks: _____

This application is submitted in the belief that the purchase of this contract is appropriate for the applicant based on the information furnished and as reviewed with the applicant.

Date 2-15-02   Print Name Andrew D. Grace

Office Tel. (717) _____   Registered
No. of Rep 925-8150   Representative Signature X _____

**Client's Signature and Remarks**

Were the selections based on an Investment Allocation pursuant to a company approved Asset Allocation Model?   ☐ Yes   ☒ No

Remarks: _____

I acknowledge that the information provided on this form is accurate to the best of my knowledge and in accordance with my financial objectives and anticipated needs.

Date 2-15-02   Print Name Richard Benedek

Client Signature X _____

ORD 87185 Ed. 8/2001

Page 2 of 2
Home Office copy

SEP. 19. 2005 12:21PM    AMERICAN SKANDIA LAW DEPARTMENT          NO. 5603   P. 15
Case 1:05-cv-02050-YK   Document 1   Filed 10/07/05   Page 22 of 36

SEP 09 '05 16:05 FR PRUDENTIAL INS CO      7177638974 TO 19739024310      P.15/29

# Exhibit B

SEP 09 '05 16:09 FR PRUDENTIAL INS CO      7177638974 TO 19738024310      P.16/28

 **Prudential**

**Prudential Income Annuity Application**

Prudential Annuity Service Center
PO Box 13379
Philadelphia, PA 19101
**Please print using blue or black ink.**

Application for an Income Annuity Contract
to the Prudential Insurance Company of America,
751 Broad Street, Newark, NJ 07102
(hereinafter referred to as "Prudential")

## 1 Owner Information

This section must be completed in its entirety.

☒ Individual    ☐ Corporation    ☐ Trust    ☐ Other .................

First Name/Trustee(s): **Richard**    MI. **R**    Last Name: **Bender**

Name of Trust/Corporation/Other (if applicable)

Street: **322 N 2nd Street Apt 502**

City: **Harrisburg**    State: **PA**    ZIP Code: **17101**

SS#/TIN (Tax Identification No.): **172 24 7798**    Date of Birth (mo., day, year): **11 08 1926**    Area Code **(717)** Telephone Number **238-3198**

Relationship to Annuitant (if other than self)

**2 of 5**  Check all that apply:
Male ☒ Female ☐  U.S. Citizen ☒  Resident Alien ☐  Non-Resident Alien ☐  Country ...........

## 2 Joint Owner (if any)

Joint Owners who are not spouses should consult with their tax adviser.

First Name: **Jane**    MI. **M**    Last Name: **Bender**

Street: **322 N 2nd Street Apt 502**

City: **Harrisburg**    State: **PA**    ZIP Code: **17101**

SS#/TIN (Tax Identification No.): **204 18 0460**    Date of Birth (mo., day, year): **11 23 1923**    Area Code **(717)** Telephone Number **238-3198**

Relationship to Annuitant (if other than self)

**3 of 5 1 of 4**  Check all that apply:
Male ☐ Female ☒  U.S. Citizen ☒  Resident Alien ☐  Non-Resident Alien ☐  Country ...........

## 3 Annuitant

This section must be completed only if 1) the Annuitant is not the Owner, or 2) the Owner listed above is a non-natural person (e.g., trust or corporation).

First Name ...........    MI. ......    Last Name ...........

Street ...........

City ...........    State ......    ZIP Code ...........

SS#/TIN (Tax Identification No.) ...........    Date of Birth (mo., day, year) ...........    Area Code (......) Telephone Number ...........

Check all that apply:
Male ☐ Female ☐  U.S. Citizen ☐  Resident Alien ☐  Non-Resident Alien ☐  Country ...........

ORD-85342-00-00 Pennsylvania

| Annuitant (if any) | | | | | |
|---|---|---|---|---|---|
| | Street | | | | |
| | City | | State | ZIP Code | |
| | SS#/TIN (Tax Identification No.) | Date of Birth (mo., day, year) | Area Code | Telephone Number | |
| Check all that apply: | Male  Female  U.S. Citizen  Resident Alien  Non-Resident Alien  Country | | | | |

| 5 Beneficiary | Full Name (first, middle initial, last), or Name of Trust, Corporation or Entity | | | |
|---|---|---|---|---|
| If you need more space, please enter the additional information, including name(s), relationship(s), SS#/TIN and Class Designation in "Client's Additional Remarks". See section 12. | Relationship to Annuitant | SS#/TIN (Tax Identification No.) | | Primary Class [X] |
| | Full Name (first, middle initial, last), or Name of Trust, Corporation or Entity | | | |
| | Relationship to Annuitant | SS#/TIN (Tax Identification No.) | Choose one: | Primary Class  Secondary Class |
| | Full Name (first, middle initial, last), or Name of Trust, Corporation or Entity | | | |
| | Relationship to Annuitant | SS#/TIN (Tax Identification No.) | Choose one: | Primary Class  Secondary Class |
| | Full Name (first, middle initial, last), or Name of Trust, Corporation or Entity | | | |
| | Relationship to Annuitant | SS#/TIN (Tax Identification No.) | Choose one: | Primary Class  Secondary Class |

| 6 Type of Plan | Please choose one: | [X] Non-Qualified   Traditional IRA   Custodial Acct |
|---|---|---|

| 7 Source of Funds Minimum of $3500. | Non-Qualified:  1035 Exchange  [X] Check - payable to Prudential $ 100,000.00 | Amount |
|---|---|---|
| | IRA/Qualified:  IRA/Qualified Rollover   Direct Rollover   IRA/Qualified Transfer | |

| 8 Payment Mode | Please choose one:  Annual   Semi-Annual   Quarterly  [X] Monthly |
|---|---|
| | Amount of each payment: $ 728.07 |
| | Date of First Annuity Payment (mm/dd/year): 03/15/2003 |
| | The first payment date must be no later than one year after the purchase of the contract in NY, MA, MI, OR and WI. In all other states, the first payment date can be any time up to twenty years after the purchase of the contract, but may not be deferred beyond age 70. |

ORD3481-M Pennsylvania

Ed. 7/2004

| Address | First Name | | MI. | Last Name |
|---|---|---|---|---|

If you need more space, please enter the additional information in the "Client's Additional Remarks". See section 12.

Financial Institution* (If applicable)

Street

| City | | State | ZIP Code |
|---|---|---|---|

* Account/Contract Number at Financial Institution

**10 Payment Options**

Please choose one:

☐ Designated Period: _____ number of payments certain

☐ Life Annuity

☐ Life Annuity with Installment Refund

☐ Life Annuity with designated period of: _____ number of payments certain

☒ Joint and Survivor Life Annuity:
_100_ % to primary annuitant; _100_ % to secondary annuitant;

☐ Joint and Survivor Life Annuity with Installment refund:
_____% to primary annuitant; _____% to secondary annuitant;

☐ Joint and Survivor Life Annuity with period certain of: _____ number of payments certain:
_____% to primary annuitant; _____% to secondary annuitant;

If one of the Joint and Survivor options is elected and 100% is the percentage entered for the primary annuitant, that percentage is the joint payment percentage to be paid while both the primary and the secondary annuitants are living and thus to the primary annuitant if the secondary annuitant should die first. The percentage entered for the secondary annuitant is the payment percentage to be paid to the secondary annuitant if the primary annuitant should die first.

Please note: If you choose 100% paid to the primary annuitant, you may choose any percentage paid to the secondary annuitant. If you choose a percentage less than 100% paid to the primary annuitant, you must choose the identical percentage paid for the secondary annuitant (e.g., 66% to the primary annuitant and 66% to the secondary annuitant). That payment percentage will be paid while both the primary and the secondary annuitants are living and then to either surviving annuitant. Unless a period certain option is elected, after the death of both the primary and secondary annuitants, all payments stop.

Note: When a life option is elected, proof of the date of birth of each annuitant must be submitted with the application (e.g., birth certificate, passport, etc.)

**11 Replacement and Aggregation**

This section must be completed. If you need more space, please enter the additional information in the "Client's Additional Remarks." See section 12.

A. Will the proposed contract replace any existing insurance or annuity contract(s)? ☐ Yes ☒ No

If yes, provide the following information for each contract(s) and enclose all applicable Prudential disclosure and state replacement forms:

| Company Name | | Policy/Contract Number |
|---|---|---|

| Year of Issue | Plan | |
|---|---|---|

B. Did you purchase a non-qualified annuity from Prudential or an affiliated company this calendar year? If yes, list contract number: ☐ Yes ☒ No

Policy/Contract Number

SEP 09 '05 16:10 FR PRUDENTIAL INS CO    7177638974 TO 19738024318    P.19/20

...any insurance company or other pers... files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**12 Signatures/ Authorizations**

If applying for an IRA, the Owner acknowledges receiving an IRA disclosure statement and understands that he or she will be given a financial disclosure statement with the contract. The Owner understands that tax deferral is provided by the IRA, and acknowledges that he or she is purchasing this contract for its features other than tax deferral as described in the product brochure.

No representative can make or change a contract or waive any of the company's rights or needs.

The Owner(s) believes this contract meets his/her needs and financial objectives. It is agreed that the contract will take effect on the date the purchase payment is received in Prudential's Annuity Service Center, even if the annuitant or joint annuitant died after that date but before the contract is issued.

It is understood that the purchase payment becomes the absolute property of the company. Your payment right is limited to the payout option selected in section 10. Once your contract is issued, you cannot change the payment option that you selected.

[X] If this contract has a Joint Owner, please check this box to authorize Prudential to act on the instruction(s) of either the Owner or Joint Owner with regard to transactions under the contract.

Client's Additional Remarks

-----------------------------------------------------------------

-----------------------------------------------------------------

Signed at _Harrisburg, Pa_____
City, State

X _Richard B Bender_____    D _Jane T Bender_____
Owner's Signature (Individual or Trustee)    Joint Owner's Signature (if applicable)    Date

X _Richard B Bender_____    X _Jane T Bender_____
Annuitant's Signature    Co-Annuitant's Signature (if applicable)

**13 Representative's Signature**

Do you have, from any source, facts that any person named as Owner or Joint Owner above is replacing or changing any current insurance or annuity in any company? If Yes, provide details below.    [X] No  [ ] Yes

This application is submitted in the belief that the purchase of this contract is appropriate for the applicant based on the information furnished and as reviewed with the applicant. Reasonable inquiry has been made of the Owner concerning the Owner's overall financial situation, needs and investment objectives.

The representative hereby certifies that all information contained in this application is true to the best of his/her knowledge.

_Andrew D. Grace_____    Representative
Name (Print)    Contract Number    _T.C.E.460_

X _Andrew D Grace_____
Signature

_HARX Greater Harrisburg_    _HARX_    _717-825-8650_
Branch/Field Office Name    Branch/Field Office Code    Telephone No.

_Dennis R Browne_____    2nd Representative
Second Representative Name (if any) (Print)    Contract Number    _B.77.0.1.8_

X _____
Second Representative Signature

Representative's Additional Remarks

-----------------------------------------------------------------

Mail To:    Prudential Annuity Service Center    Overnight: Prudential Annuity Service Center
            PO Box 13379                                  2101 Welsh Road
            Philadelphia, PA 19101                        Dresher, PA 19025

Questions?  Clients call (888) 778-2888 (toll free)
            Agents call (800) 843-4124, Financial Advisers call (877) 321-5463

Ed. 10/05

# Exhibit C

Prudential Finan'

The Prudential Insurance Company of America
Newark, New Jersey 07102

| Annuitant(s) | Sex | Date of Birth |
|---|---|---|
| RICHARD B BENDER | M | November 8, 1926 |
| JANE T BENDER | F | November 23, 1923 |

Contract Number PIA000000828-A

Contract Date February 19, 2002

Annuity Payment Date March 15, 2002

Purchase Payment $100,000.00

Owner RICHARD B BENDER

Subject to all the provisions of this contract, we will make all payments as stated in the payment schedule. Unless we have endorsed the contract to say otherwise, we will make the payments to the owner. We show the amount and due date of each payment in the payment schedule.

This contract does not have a cash value.

Please read this contract with care. If there is ever a question about it, just see a Prudential agent or get in touch with one of our offices.

Right to Cancel Contract.—You may return this contract within 10 days after you get it. All you have to do is take the contract or mail it to one of our offices or to the representative who sold it to you. It will be cancelled from the start and we will return your money in accordance with state law.

Signed for Prudential.

Secretary                    President

Annuity Contract.
Single Purchase Payment. Non-participating.

SEP. 19. 2005 Case 1:05-cv-02050-YK AMERICAN SKANDIA LAW DEPARTMENT Document 1 Filed 10/07/05 Page 29 of 36 NO. 5603 P. 22

SEP 09 '05 16:11 FR PRUDENTIAL INS CO     7177638974 TO 19738024310     P.22/29

## GENERAL PROVISIONS

**Definitions** We define here some of the words and phrases used in this contract.

We, Our, and Us.—Prudential.

You and Your.—The owner of the contract.

Annuitant(s).—The person(s) we show as annuitant(s) on the first page.

Due Date.—The date each annuity payment is due.

**The Contract** This contract, including all its provisions, forms the whole contract. It will take effect on the contract date only if the purchase payment is paid to us by the time you get the contract. Otherwise it will be void. The purchase payment may be paid at our Home Office or to an authorized agent of ours. If we are asked to do so, we will give a signed receipt. If the contract takes effect, the purchase payment will belong to us.

**Contract Modifications** Only a Prudential officer with the rank or title of vice president or above may agree to modify this contract, and then only in writing.

**Ownership and Control** Unless we endorse this contract to say otherwise: (1) the owner of the contract is as stated on the first page; and (2) while the annuitant is living the owner alone is entitled to (a) any contract benefit, and (b) the exercise of any right and privilege granted by the contract or by us.

These rights include but are not limited to the right to designate or change the person or entity to whom annuity payments will be made. To make a change, the owner must notify us in writing in a form that meets our needs. The change will take effect as of the date we receive the notice at our Home Office. We will not adjust any payment made or change any action taken before we receive the notice.

**Currency** Any money we pay, or which is paid to us, must be in United States currency. Any amount we owe will be payable at our Corporate Office.

**Assignment** We will not be deemed to know of an assignment unless we receive it, or a copy of it, at our Home Office. We are not obliged to see that the assignment is valid or sufficient.

**Proof of Life or Death** Before we make a payment, we have the right to require proof of the life or death of any person whose life or death determines whether or to whom we must make the payment.

**Misstatement of Age or Sex** If any annuitant's stated date of birth or sex or both are not correct, we will change the amount of the annuity payments to that which the purchase payment would have bought for the correct date of birth and sex. Also, we will adjust the amount of any payments we have already made. Here is how we will do it: (1) We will deduct any overpayments, with interest at 5% a year, from any payment(s) due then or later. (2) We will add any underpayments, with interest at 5% a year, to the next payment we make after we receive proof of the correct date of birth or sex.

**No Surrender and No Loan** You may not surrender the contract for cash or borrow from us on the contract.

**Non-participation of Contract** This contract is not eligible for dividends.

# Prudential 🌐 Financial

☒ The Prudential Insurance Company of America
☐ Pruco Life Insurance Company
☐ Pruco Life Insurance Company of New Jersey
  All are Prudential companies

Annuitant: **RICHARD B BENDER**
Joint Annuitant: **JANE T BENDER**

Contract Number: **PIA000000828-A**

## PAYMENT SCHEDULE

*****NOTICE*****
THIS IS A LEGAL CONTRACT BETWEEN YOU AND PRUDENTIAL
READ YOUR CONTRACT CAREFULLY

We will make monthly annuity payments under this contract starting on March 15, 2002, of $778.07 each for as long as any of the annuitants is living. Payments end with the last one due before the death of the last to die of the annuitants if such death occurs after all of the payments certain have been paid.

Each annuity payment will be made on its due date to the owner.

                                End of Provision

This Schedule attached to this contract on the Contract Date.

Endorsed or acknowledged for the Company

By   _[signature]_ S. Belmont

Secretary
On Contract Date: February 19, 2002

ORD 86567-88

# ENDORSEMENTS

(Only we can endorse this contract.)

## ENDORSEMENTS

(Only we can endorse this contract.)

**Annuity Contract.**

Single Purchase Payment. Non-participating.

## ENDORSEMENTS

(Only we can endorse this contract.)

### ALTERATION OF TEXT

The provision of this contract entitled "Assignment" is replaced at issue by the following:

Assignment We will not be deemed to know of an assignment unless we receive it, or a copy of it, at our Home Office. We are not obliged to see that an assignment is valid or sufficient. This contract may not be assigned to any employee benefit plan or program without our consent.


The Prudential Insurance Company of America,


By *[signature]*
Secretary

Prudential Financial

The Prudential Insurance Company of America
Pruco Life Insurance Company*

*A Subsidiary of
The Prudential Insurance Company of America

---

## ENDORSEMENT

Individual Annuity Contract
Used to Fund a Non-Qualified
Individual Retirement Annuity
Program

Generally under section 72(s) of the Internal Revenue Code of 1986 (as amended), amounts payable under annuity contracts are required to be distributed on the death of the owner of an annuity contract. Where there is more than one owner, these rules apply upon the death of the first owner. Unless these rules apply, the contract will not be treated as an annuity contract, payments under the contract will cease to be tax-deferred and penalties may apply.

The Limitations Provision ("the Provision") describes the distribution requirements on the death of the owner of this annuity contract. The Provision also describes the special distribution rules if the owner of this contract is a non-individual, such as a corporation. The Provision will not apply on the death of the annuitant unless the annuitant is also the owner of this contract. However, depending on the contract, the contract may end on the death of the annuitant.

In the event of the contract owner's death, the Provision overrides other provisions in this contract relating to distributions under the contract.

### I. DISTRIBUTION REQUIREMENTS —

(A) If the owner of this contract dies on or after the date the payments under the contract have begun but have not yet been completed, then distributions of the remaining amounts payable under the contract must be made at least as rapidly as the rate that was being used at the date of death.

(B) If the owner of this contract dies before the date that payments under the contract are due to begin, then distributions of all amounts payable under the contract must be completed within five years after the owner's death.

### II. EXCEPTIONS TO THE DISTRIBUTION REQUIREMENTS —

The required distributions need not be made in the manner described under the "Distribution Requirements" section above, where any of the following situations apply:

(A) Designated Beneficiary: The individual who becomes the new owner or holder of this contract can extend the distributions beyond the above prescribed time limit by choosing to receive distributions that start within one year after the owner's death and extend for a period that does not exceed his or her life or life expectancy. Thus, the beneficiary may choose to receive distributions under a fixed period payout option (for a period not greater than his life expectancy) or a life annuity option.

(B) Spouse as Beneficiary: If the individual who becomes the new owner or holder of this contract is the deceased owner's spouse, then the required distributions described in the Provision do not apply until the spouse's death.

L-NQ-4-94

Prudential Finan

The Prudential Insur    ompany of America
Pruco Life Insurance Company*

*A Subsidiary of
The Prudential Insurance Company of America

---

# ENDORSEMENT

Individual Annuity Contract
Used to Fund a Non-Qualified
Individual Retirement Annuity
Program

Generally under section 72(s) of the Internal Revenue Code of 1986 (as amended), amounts payable under annuity contracts are required to be distributed on the death of the owner of an annuity contract. Where there is more than one owner, these rules apply upon the death of the first owner. Unless these rules apply, the contract will not be treated as an annuity contract, payments under the contract will cease to be tax-deferred and penalties may apply.

The Limitations Provision ("the Provision") describes the distribution requirements on the death of the owner of this annuity contract. The Provision also describes the special distribution rules if the owner of this contract is a non-individual, such as a corporation. The Provision will not apply on the death of the annuitant unless the annuitant is also the owner of this contract. However, depending on the contract, the contract may end on the death of the annuitant.

In the event of the contract owner's death, the Provision overrides other provisions in this contract relating to distributions under the contract.

I. DISTRIBUTION REQUIREMENTS —

(A) If the owner of this contract dies on or after the date the payments under the contract have begun but have not yet been completed, then distributions of the remaining amounts payable under the contract must be made at least as rapidly as the rate that was being used at the date of death.

(B) If the owner of this contract dies before the date that payments under the contract are due to begin, then distributions of all amounts payable under the contract must be completed within five years after the owner's death.

II. EXCEPTIONS TO THE DISTRIBUTION REQUIREMENTS —

The required distributions need not be made in the manner described under the "Distribution Requirements" section above, where any of the following situations apply:

(A) Designated Beneficiary: The individual who becomes the new owner or holder of this contract can extend the distributions beyond the above prescribed time limit by choosing to receive distributions that start within one year after the owner's death and extend for a period that does not exceed his or her life or life expectancy. Thus, the beneficiary may choose to receive distributions under a fixed period payout option (for a period not greater than his life expectancy) or a life annuity option.

(B) Spouse as Beneficiary: If the individual who becomes the new owner or holder of this contract is the deceased owner's spouse, then the required distributions described in the Provision do not apply until the spouse's death.

L-NQ-4-94

III. S    L DISTRIBUTION RULES WHERE O'    . IS A NON-INDIVIDUAL —

If the owner of this contract is a corporation or other non-individual, the required distribution rules will apply when the primary annuitant dies or is changed. A primary annuitant is the individual whose life affects the timing or payout under the contract.

This provision is intended to satisfy the distribution-at-death requirements of Code section 72(s). We reserve the right to amend this contract and endorsement by subsequent endorsement as necessary to comply with applicable tax requirements, if any, which are subject to change from time to time. Such additional endorsement, if necessary to comply with amended tax requirements, will be mailed to you and become effective within 30 days of mailing unless you notify us in writing, within that time frame, that you reject the endorsement.

Signed for the Company,

By _____
              Secretary